United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10769
Conference Calendar

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAYLATE BROOKS

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-46-2-A
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the conviction and sentence of Raylate

Brooks.  United States v. Brooks, No. 04-10769 (5th Cir. Dec. 17,

2004) (unpublished).  The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125 S.

Ct. 738 (2005).  We requested and received supplemental letter

briefs addressing Booker's impact.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brooks argues that his sentence is illegal under <u>Booker</u> because he was sentenced to "eight years [of] imprisonment on the basis of guidelines enhancements which were unconstitutionally applied to him by the district court as they were neither proved to a jury beyond a reasonable doubt, nor admitted by him." He also acknowledges that there "is no statement in the record that could support an inference that [he] would receive a lesser sentence from the sentencing judge if the case was remanded under ordinary circumstances." <u>Id.</u> He argues, however, that the district court will be "compelled" to give him a lesser sentence because due process and ex post facto principles require that the court resentence him based on a strict application of the guidelines, without any increase in his sentence based on enhancements that violate the Sixth Amendment under <u>Booker</u>. <u>Id.</u> at 1-3.

Brooks concedes that he failed to preserve his argument in the district court and that review of his argument is for plain error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556). In order to establish that he is entitled to relief under a plain-error analysis, Brooks bears the burden of demonstrating, <u>inter</u> <u>alia</u>, that the sentencing court would have imposed a different sentence had it sentenced him under an advisory, rather

than mandatory, application of the guidelines.  See Valenzuela-Quevedo, 407 F.3d at 733.  Brooks concedes that he cannot make such a showing.  Brooks's argument that he must be resentenced under a strict application of the guidelines, without any increase based on enhancements not found by a jury or admitted by him, is foreclosed by United States v. Scroggins, 411 F.3d 572, 576-77 (5th Cir. 2005).  Accordingly, we conclude that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming Brooks's conviction and sentence.

AFFIRMED